**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| VINCENZO PALAZZOLA. | ) | |
|     PLAINTIFF | ) | |
| | ) | |
|     Vs. | ) | CIVIL,ACTION |
| | ) | FILE NO. |
| APO JOHN HARWELL Individually; | ) | **JURY TRIAL DEMAND** |
| APO JONATHAN JANKE Individually; | ) | |
| APO THEODORE TRAVIS Individually. | ) | |
| | | |
|     DEFENDANTS. | | |

## COMPLAINT

Plaintiff, VINCENZO PALAZZOLA by his attorneys, the Law Office of T.E. Mathis,

hereby brings this action to redress violations of his civil and legal rights, and alleges

as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, VINCENZO PALAZZOLA, seeks

relief pursuant to 42 U.S.C. §§ 1983 and 1988 for the defendants' violations of his rights

secured by the United States Constitution, including its Fourth and Fourteenth Amendments as

applied to the State of Georgia and its entities, officials, and employees, and by the laws and

Constitution, statutes and common law of the State of Georgia.

### *JURISDICTION AND VENUE*

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. 1331, 1332, and 1343 this being

an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28

U.S.C. 1367, over any and all state law claims and as against all parties that are so related to claims

in this action within the original jurisdiction of this court that they form part of the same case or

controversy.

4.      Venue is proper under 28 U.S.C. 1391(b) and (c) in the Northern District of Georgia,

Atlanta Division, as all acts complained of occurred in Fulton County, Georgia.

### *JURY TRIAL DEMANED*

5.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded

herein.

### *THE PARTIES*

6.      At all times relevant to this action, Plaintiff was a resident of Fulton County,

Georgia. He is a 54 year old man who is trained as a carpenter.

7.      Defendants APO JOHN HARWELL, APO JONATHAN JANKE, and APO

THEODORE TRAVIS are or were at all times relevant herein duly appointed and acting

officers, servants, employees and agents of the Atlanta City Police Department, a municipal

agency of CITY OF ATLANTA.  At all times relevant herein, the individual defendants were

acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages

of the State of Georgia and the City of Atlanta, in the course and scope of their duties and

functions as officers, agents, servants, and employees of the City of Atlanta. They are sued in

their individual capacity.

8.      By the conduct, acts, and omissions complained of herein, Defendants

violated clearly established constitutional standards under the Fourth, and Fourteenth

Amendments to the United States Constitution of which a reasonable police officer under the

circumstances would have known.

### *STATEMENT OF FACTS*

9.      On July 29, 2015 Plaintiff was sitting with a female friend under a gazebo on the

grounds of the Kennedy School located on James P. Brawley St. in the City of Atlanta, Fulton

County Georgia.

10.     Plaintiff noticed Defendant APO John Harwell approach and make the statement

"Motherfucker I want to talk to you". Plaintiff responded: "Fuck You" and began to walk away

from Defendant Harwell.

11.     Plaintiff walked approximately ten feet when Defendant Harwell suddenly hit

Plaintiff from behind in the head knocking him unconscious.

12.     When Plaintiff awoke Defendant Harwell was beating him in the face and chest

with his fist.

13.     Plaintiff then tried to protect his face with his hands and at no time during the

beating did Plaintiff attempt to strike Defendant Harwell to stop the beating.

14.     Defendant Harwell put Plaintiff in a choke hold rendering Plaintiff unconscious

again.

15.     At this time, the dispatch unit of the Atlanta police department contacted

Defendant Harwell to inquire if he was in distress and Defendant Harwell informed dispatch that

Plaintiff was under control.

"Dispatch checked on me, and at that time. I advised that I had Palozzola under control

as I waited backup. I could see backup coming up the road, so I was able to hold

Palazzola in place on the ground until backup arrived. Once backup arrived, Palazzola

was placed into custody without incident."  (Exhibit 1 Harwell incident report

#152091441-01)

16.     The backup officers that arrived were Defendants Janke and Travis.

17.      Defendants Janke and Travis both report they beat and struck Plaintiff despite

Defendant Harwell's claims otherwise.

18.     Plaintiff was unconscious at this time.

19.     Defendant Travis arrived first and stated that Defendant Harwell had Plaintiff in a

choke hold on the ground. (See Exhibit 2 Travis interview Page 4 line 6 – 13)

20.     At this time Defendant Travis stated he began striking Plaintiff in the face with

his fist and administering knee strikes to Plaintiffs body. Plaintiff was still unconscious from the

choke hold being administered by Defendant Harwell. (Exhibit 3 Travis Incident report #

152091441-03)

21.     Defendant Janke arrived within a minute of the arrival of Defendant Travis and

began to strike Plaintiff with his city issued ASP baton. (See Exhibit 4 Janke incident report

#152091441-02)

22.     He hit Plaintiff at least two times in the face with the baton as well as his legs and body.

23.     Plaintiff was still unconscious from the choke hold being administered by Defendant Harwell at this time.

24.     The Atlanta Citizen Review Board found that the beating of Plaintiff by APO Janke with his ASP baton was not reasonable or necessary and constituted excessive force in the apprehension of Plaintiff.

25.     Neither Defendant Travis nor Harwell tried to stop Defendant Janke from using his ASP baton in a unreasonable and unnecessary manner upon the Plaintiff.

26.      Plaintiff was taken unconscious to the ambulance.

27.     While in the ambulance Defendant Janke struck him at least two additional time with his fist.

28.     When Plaintiff awoke he was handcuffed to the gurney in the ambulance.

29.     Plaintiff was taken to Grady Hospital emergency room

30.     As a result of the beating administered by the defendants Plaintiff suffered numerous injuries including facial fractures, permanent eye injuries, a dislocated hip, and permanent nerve damage to his hand. See Exhibit 5 Photographs.

## *FIRST CLAIM: EXCESSIVE FORCE*

### *DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. 1983*

31.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraphs as if fully set forth herein.

32.     The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing the beating of Plaintiff, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force

33.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured

### COUNT TWO: ATTORNEYS' FEES

34.     Plaintiff re-alleges and incorporates paragraphs 1-27 of the Complaint as though they were fully set forth herein.

35.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of litigation

### COUNT THREE: COMMON LAW CLAIM

### ASSAULT AND BATTERY

36.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein

37.     By the unjustifiable conduct and actions described above, Defendants inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of Georgia.

38.     Defendants acts constituted an assault upon Plaintiff in that Defendants intentionally attempted to injure Plaintiff or commit a battery upon him, and further that Defendant's acts represented a grievous affront to Plaintiff.

39.     Defendants acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

40.     The actions of Defendants were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants knew, or should have known, that their actions were without the consent of Plaintiff.

41.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto

42.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured

**WHEREFORE**, Plaintiff, prays as follows:

a)     That process issue and that Defendants be served according to the law;

b)     That Plaintiff has a trial by jury;

c)      That Plaintiff has and recovers a verdict and judgment against Defendants, jointly

and severally, in their individual capacities for all compensatory, general, and

punitive damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988,

and for all such amounts as may be proven before the trier of fact; and

d)      That Plaintiffs have such other and further relief as this Court deems just and proper

under the circumstances.

Respectfully submitted,

Tony E. Mathis
State Bar # 477066
P.O. Box 1591
Stone Mountain, Ga. 30086
Office 678 358 1212
Mathis358@hotmail.com

EXHIBIT 1

```
------------- CHARGES -------------
16-5-21 (AGGRAVATED ASSAULT)                  Counts: 1
16-10-24.B (OBSTRUCTING OF OFFICERS - FEL)    Counts: 1
16-10-25 (GIVING FALSE NAME, ADDRESS,DOB)     Counts: 1
```

*INCIDENT NARRATIVE*

I, Officer Harwell, received a call regarding information on a dispute that happened on 7/28/2015. The caller, Cassandra Matthews, told dispatch that her friend, Vincenzo Palazzola, attempted to light her on fire yesterday by dousing her with lighter fluid. The incident happened on 7/28, but Palazzola left the scene before the arrival of police. Matthews called today, 7/29, to advise that Palazzola was at Kennedy Middle School on the playground. I verified with other officers that a report had been made about the incident on 7/28 while in route to the call.

Upon arrival, I met with Matthews, who pointed at and identified Palazzola. I observed Palazzola sitting under the gazebo of the Kennedy Middle School playground drinking a Schlitz malt liquor alcoholic beverage. I approached Palazzola and he immediately became verbally combative. I asked Palazzola for his ID, and he stated that he did not have it, but that his name was Rick Rogers, d.o.b. 8/20██. I immediately knew this to be a false name. I asked Palazzola to come with me over to my patrol car so that I could speak with him, but he stated "fuck you I didn't do anything wrong", and began to walk away. I walked after him and told him again to stop and speak to me, but his walk turned into a slow run. I caught up with Palazzola and grabbed his right arm. He then attempted to pull his right arm away from me as I reached for my handcuffs. I grabbed his arm again, and this time he threw his right arm at me in a backhand motion. I was able to dodge the assault, and then took Palazzola to the ground. Palazzola hit the ground head first into the woodchips of the playground and hit his head on his aluminum can of Schlitz malt liquor that he had refused to put down. Once on the ground, he first placed his arms under his body in order to resist being handcuffed. I was able to get his right arm out from under him, but then he began to use the arm to swing at me in a backhand motion. He began throwing elbows and got up to his knees. I was able to place him back on the ground but was unable to handcuff him. I called for assistance on the radio as I said I had a subject resisting. Palazzola again got up on his knees. I was unable to reach my tazer from the position that I was in, so I struck Palazzola several times in his chest with my right fist. Due to the constant movement during the struggle, Palazzola was struck once or twice in the face as well. Dispatch checked on me, and at that time, I advised that I had Palazzola under control as I awaited backup. I could see backup officers coming up the road, so I was able to hold Palazzola in place on the ground until backup arrived. Once backup arrived, Palazzola was placed in custody without incident.

Grady checked Palazzola on scene. He was combative with Grady and had to be restrained. CID Sgt Genson attempted to speak with him, but he refused. Palazzola was transported to Grady and turned over to Grady detention. I secured warrants at the zone 1 precinct for felony obstruction, false information to police, and the aggravated assault that had been reported on 7/28/15 (EW-0151222, 0151223, and 0151224). CID remained on scene and spoke to the victim from the assault on 7/28/15. Sgt Puetz was on scene. ID tech Felder (7324) came to Grady to take pictures of the arrestee.

OFFENSE REPORT REVIEWED BY HARWELL, JOHN ON 7/29/2015 11:33:40 PM

OFFENSE REPORT APPROVED BY MOODY, N M ON 7/29/2015 11:36:16 PM

EXHIBIT 2

1

2  **OFFICER TRAVIS:**  Um it's Kennedy, it was Kennedy Middle School and it's
3  just, there's really no name for the park.  It's attached to the school
4  uh campus.  It's on their property.

5

6  **INVESTIGATOR LOLAR:**  And um you stated that Officer **Harwell(4:56)** had
7  the subject in a bear hug type?

8

9  **OFFICER TRAVIS:**  Yeah it was kind of like, I mean at that point he was
10  like hugging him.  He was on top of him.  The subject was on top of him
11  and he had him in a choke hold because for whatever I guess he was
12  trying to run away and they was fighting so he had to hold him until
13  one of the units came to um uh restrain him.

14

15  **INVESTIGATOR LOLAR:**  So would that, did that police officer
16  **Harwell(5:21)** on his back with the subject's back toward
17  **Harwell's(5:26)** chest area?

18

19  **OFFICER TRAVIS:**  Yes.

20

21  **INVESTIGATOR LOLAR:**  And they were both on the ground?

22

23  **OFFICER TRAVIS:**  Yes.

24

25  **INVESTIGATOR LOLAR:**  Um and did **Harwell(5:33)**, where was the subject's
26  hands or arms at the time?

27

28  **OFFICER TRAVIS:**  Um I mean he was just swinging trying to get out.  Uh
29  he was um, they were in the air I believe um.

30

31  **INVESTIGATOR LOLAR:**  So in this bear hug Officer **Harwell(5:47)** did not
32  have his hand, the subject's arms pinned to the subject's body?

33

34  **OFFICER TRAVIS:**  I can't, I can't really remember.  I can't remember.

35

36  **INVESTIGATOR LOLAR:**  So then once you got to the point of where Officer
37  **Harwell(6:01)** was located struggling with this individual um what did
38  you do?

39

EXHIBIT 3

ATLANTA POLICE DEPARTMENT
Offense Report
INCIDENT NUMBER: 152091441-03

*INCIDENT INFORMATION*

Date Reported: 07/29/2015          Time: 2340
Report Officer: 6071 (TRAVIS)
Reviewed By: 4946 (MILLER)
Officer Making Rpt: 6071 (TRAVIS)
Supervisor: 4946 (MILLER)
Date Occurred: 07/29/2015     Time:           2120
Location: 223 JAMES P BRAWLEY DR NW                    Pref:    Apt:
City: ATLANTA                 State: GA               Zip: 30314-
Latest Poss Date: 7/29/2015   Time:           2140
Associated Offense #:
Rpt District: 102             Beat:        102        Shift:        E
Command Area:  01
Damage Prop:      $0          Stolen Property: $0      Stolen Vehicle: $0
Disposition:                  Disposition Date:

*OFFENSES*

Offense: 9M  (Miscellaneous Non-Crime)
         IBR Code: 9999 · Att/Comp: C   UCR: 9999   UCR Arson: 0

*NARRATIVE*

*[handwritten annotations: Broke my hip. Struck twice in the head with closed fist. Knee in back first. 2 two knee kicks to the rib cage. Janke beat legs with baton.]*

On July 29, 2015 I Officer T. Travis (Unit 3102) responded to Officer Harwell (Unit 3103) location at 223 James P. Brawley Dr NW when he came across the radio and stated that he had a subject resisting.

Upon my arrival I observed Officer Harwell still trying to detain the arrestee at the playground. I ran down the hill toward Officer Harwells location and observed the arrestee still fighting Officer Harwell. I observed the arrestee trying to get back on his feet and attempting to pull away from Officer Harwell. I told Zone One Dispatch that the suspect was still resisting. Once I was will Officer Harwell, I placed my left knee on the back of the arrestee and tried to pull his hands behind his back. The arrestee continued to resist and not comply to my verbile commands. The arrestee was swinging his arms and kicking at officers while I was trying to pull his arms behind his back. At this time I struck the arrestee twice in the head with a closed fist and gave two knee strikes to the arrestee rib cage. Officer Janke (Unit 3105) was also trying to help get the arrestee in custody. I observed Officer Janke Use his city issued ASP baton on the legs of the arrestee. Finally after a short struggle My self and Officer Harwell were able to get the arrestee hands behind his back and place him into hand cuffs. I started a Grady unit to treat any injuries. Once the arrestee was in the rear of the Grady Bus, he became very aggressive to police and Grady EMS. The arrestee was yelling at EMS Units and stood up attempting to leave the Grady Bus. The arrestee was strapped down to the gurney at this time. The arrestee was still

ATLANTA POLICE DEPARTMENT
Offense Report
INCIDENT NUMBER: 152091441-03

threatening Grady EMS Units and Officers.

I arrived to Grady Hospital with the arrestee ticket and stood by Emergency Room T-2 untill Officer Harwell faxed down the warrant paperwork to Grady Detention. While the doctors where treating the arrestee, the arrestee was still threatening my self and officer Janke personal safety. Nothing further.

OFFENSE REPORT #152091441-03 REVIEWED BY TRAVIS, THEODORE ON 7/30/2015 3:10:17 PM

OFFENSE REPORT #152091441-03 APPROVED BY MILLER, JOHN ON 7/30/2015 10:20:21 PM

EXHIBIT 4

```
Printed By:   0709                                              PAGE:
Printed Date: 01/13/2016
                      ATLANTA POLICE DEPARTMENT
                            Offense Report
                    INCIDENT NUMBER: 152091441-02


          --------------- INCIDENT INFORMATION ---------------

Report Date: 07/29/2015                    Time:   23:15
Reporting Officer: 5734 (JANKE)
Reviewed By Officer: 4946 (MILLER)
Investigating Officer: 0179 (SCOTT)
Officer Making Rpt: 5734 (JANKE)
Supervisor: 4946 (MILLER)
Occur/Earliest Date / Time: 07/29/2015
Location: 223 JAMES P BRAWLEY DR NW, ATLANTA, GA 30318
Latest Poss Date / Time: 07/29/2015
Assoc Offense #:
RD: 102                        Beat: 102             Shift: E
Zone: 01
Damaged Amount: $0             Stolen Amount: $0      Stolen Amount: $0
Disposition:                   Dispo Date:

          --------------------- OFFENSES ---------------------

Offense: 9M  (Miscellaneous Non-Crime)
        GCIC: 9999    Att/Comp: C     UCR: 9999       Vacant Prop: 0



                      INCIDENT NARRATIVE
```

On July 29, 2015 I Officer J. Janke responded to Officer Harwell's location at 223 James P. Brawley Dr NW when he came across the radio and stated that he had a subject resisting.

Upon my arrival, I was able to follow Officer Travis down into the playground area of the above location. Once on the playground, I was able to see Officer Harwell on the ground engaged with a black male who was physically fighting him. The male appeared to me to be throwing punches at Officer Harwell. Officer Harwell was then assisted by Officer Travis, at which time the black male subject then began to fight with Officer Travis as well. I then deployed my city issued ASP Baton from the scabbard. Officer Harwell and Officer Travis were attempting to grab the subjects hands and were still fighting with the male subject. I was then was able to identify the male subjects legs and where they were in location to the other officers who were struggling with him. As the fight continues, I then used my city issued ASP Baton and

strike the male subject in the leg approximately four times. I chose this force option because the male was kicking. Once Officer Harwell and Officer Travis were able to get control of the male suspect, I backed away from him and holstered my city issued ASP Baton. I then notified the dispatcher to start an ambulance to the location for a male that had an eye injury. I also had the dispatcher notify a supervisor so that they could respond to the scene. SGT. Puetz arrived on scene. Grady 372 arrived on scene to attend to the suspect.

While in the ambulance, the male subject began to resist and fight myself and the paramedics who were attempting to treat him for his injuries. The male began resisting me when I had attemted to un-handcuff the male as the paramedics had asked me to, to allow one of his arms to be free so that they could provide medical assistance to him. The male also attempt to spit and headbutt the me as I attempted to un-handcuff him. At this point, the male was bleeding from the eye and lip and was trying to spit his blood in my face as well as injure me by headbutting me. At this time I had to strike the male subject in the face with a closed fist two times to prevent any injury to the paramedics or myself. The male continued to be beligerant and aggressive with myself and the paramedics who were just trying to help him. Sgt. Puetz was already on scene for this use of force but was not able to witness the use of force because the doors on the amblance were closed at the request of the paramedics on scene. I then followed the Grady Ambulance to the hospital. There were no stops on the way to the hospital. Officer Travs then arrived to Grady as well and took over the scene from there. Nothing further to add to this report at this time.

OFFENSE REPORT REVIEWED BY JANKE, JONATHAN ON 7/31/2015

OFFENSE REPORT APPROVED BY MILLER, JOHN ON 7/31/2015 10:14:02 PM

EXHIBIT 5







